[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AFTER HEARING IN DAMAGES
This lawsuit came to this court by writ, summons and complaint filed October 11, 1994 and returnable October 25, 1994, claiming monetary damages and other relief arising out of events occurring on October 4, 1992 while the plaintiff was a tenant of the defendant at premises known as 11 Pequot Avenue, New London.
The file reflects in hand service on the defendant by Deputy Sheriff LaBranche on October 4, 1994. CT Page 14164
A default for failure to appear was granted on September 28, 1995 against the defendant.
A claim for a hearing in damages was filed on October 10, 1995. A hearing was held on November 29, 1995 to the court.
The court makes the following findings of fact.
The plaintiff was a tenant at 11 Pequot Avenue, New London on October 4, 1992, and resided on the second floor. The defendant was the owner of said premises.
On October 4, 1992, the premises at 11 Pequot Avenue were set on fire due to arson by persons unknown. The plaintiff, in order to escape from the fire, jumped from a bedroom window on the second floor, a distance of 14 feet to the ground, suffering a severely displaced fracture of the left medial malleolus. For approximately one year prior to October 4, 1992, the defendant had allowed a defective latch to exist on the basement door although the condition was complained of by the plaintiff and others. On October 4, 1992, as a result of the defective latch, unknown persons gained access to the basement and set the building on fire. The defendant failed to guard the subject premises against arson and failed to provide adequate security. (See Plaintiff's Exhibit B as concerns 2 prior fires at the subject premises on April 21, 1992 and April 22, 1992.)
The plaintiff was hospitalized at Lawrence and memorial Hospital for one week. The plaintiff incurred the following economic damages:
1. Eastern Connecticut Orthopedic $ 857.00
2. Dr. James Kelly $1,505.20
3. Dr. Thomas Goulding $ 55.20
4. Lawrence and Memorial Hospital $6,416.29
(See Plaintiff's Exhibit A.)
The defendant failed to provide adequate and reasonable means of escape for the plaintiff, a second floor occupant.
The plaintiff is 38 years old and has a life expectancy of 42 CT Page 14165 years. The plaintiff has suffered a 28% impairment of the left foot. The plaintiff has a 20 to 30 percent chance of developing significant arthritic changes in the future requiring medication or shoe wear modification. (See Plaintiff's Exhibit A.) The plaintiff has gone through two surgical procedures. The plaintiff has weather related discomfort and activity related disfunction. The plaintiff has suffered significant pain due to her injuries and the ankle aches and throbs especially in damp weather.
The defendant is not in the military service of the United States.
The court has considered the affidavit of the plaintiff. Judgment may enter in favor of the plaintiff as follows:
Economic damages $ 8,833.49
(Medical and hospital bills)
Noneconomic damages $70,664.00
(Pain and Suffering — disability)
Costs are allowed.
Austin, J.